UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| G & G CLOSED CIRCUIT EVENTS LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TEE'S, INC., aka MAN DEE'S LOUNGE, aka MANDEE'S JAZZ CAFÉ, aka MANDEES ON CONANT AND<br><br>ALVIN TAYLOR,<br>Individually, jointly and severally,<br>AND<br><br>ANDREA TAYLOR,<br>Individually, jointly and severally,<br><br>　　　　Defendants. | Case No. 2:23-cv-12955<br>Hon. |

## COMPLAINT FOR DAMAGES

COMES NOW the Plaintiff G & G Closed Circuit Events, ("Plaintiff"), by and through its attorneys, THE HEAD LAW FIRM PLC, and states as follows:

### Jurisdiction

1.  Jurisdiction is founded on the existence of a question arising under federal law. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. § 605, *et seq.*, and The Cable

& Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. § 553, *et seq*.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, which states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

3. This Court has supplemental jurisdiction over the state law claims made herein pursuant to 28 U.S.C. § 1367(a).

4. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts that violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program set forth below. Defendants' wrongful acts consisted of the interception and tortious conversion of property of Plaintiff within the Plaintiff's control in the State of Michigan.

Venue

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because a defendant resides in this judicial district and all defendants reside in the State of Michigan.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Parties and General Allegations

7. Plaintiff, G & G Closed Circuit Events LLC is, and at all relevant times was, a California corporation with its principal place of business located at 2380 S. Bascom Avenue Ste. 200 Campbell, CA 95008.

8. Plaintiff is informed and believes, and alleges thereon that Defendant, Tee's Inc., is a Michigan Corporation, doing business at all relevant times mentioned under the names of Man Dee's Lounge, Mandee's Jazz Café, and Mandees on Conant, having its principal place of business at 17132 Conant Street, Detroit, Michigan 48212.

9. Plaintiff is informed, believes, and alleges that Defendants, Tee's Inc., Alvin Taylor and Andrea Taylor are the principles, subsidiaries, alter egos, officers, directors, shareholders, employees, agents, and/or other representatives of "Man Dee's Lounge, Mandee's Jazz Café, Mandees on Conant", business entit(ies) of an unknown nature.

10. To the best of Plaintiff's knowledge, Alvin Taylor and Andrea Taylor are the only shareholders of Tee's Inc.

11. Plaintiff is informed, believes, and alleges thereon that at all times on April 22, 2023, Defendant(s) Alvin Taylor and Andrea Taylor was/were the owner(s), and/or officer(s), shareholder(s), and/or operator(s), and/or licensee(s), and/or permitee(s), and/or person(s) in charge, and/or an individual(s) with dominion, control, oversight and management of the commercial establishment Tee's Inc., d/b/a Man Dee's Lounge, operating at 17132 Conant Street, Detroit, Michigan 48212, and was either aware of the unauthorized display of the program, fully described below, and tacitly or explicitly approved same or was physically present at the time the program was displayed, and in either event had actual or constructive knowledge of the display of the program in the commercial establishment on April 22, 2023.

12. There is no evidence that there is anyone else acting on behalf of Tee's Inc. except Alvin Taylor and Andrea Taylor.

13. Tee's Inc. was used to commit wrongs as set forth in this Complaint.

14. There was an unjust injury or loss to Plaintiff because of Alvin Taylor and Andrea Taylor's use of Tee's Inc. is causing Plaintiff to expend attorney fees and costs protecting its license interest and pursuing Tee's Inc. and because Tee's Inc., Alvin Taylor and Andrea Taylor intentionally pirated Plaintiff's program.

15. The owners of a business entity or corporate defendant may be held individually liable for the claims brought under 47 U.S.C. § 605, *et seq.*, and 47

U.S.C. § 553 *et. seq.*, if the individual had supervisory rights and direct financial interests in the activities. *J & J Sports Prods. V. Matti*, Case No. 13-13963 (E.D. Mich. Jan. 12, 2015).

16. Defendants Alvin Taylor and Andrea Taylor both have the right and ability to supervise the pirating activities, and had the right and ability to supervise the programs and events shown at their business establishment.

17. Defendants Alvin Taylor and Andrea Taylor both have financial interest in the pirating activities, and they have a financial interest in the operation of their business establishment.

## Count I – Violation of 47 U.S.C. § 605

18. Plaintiff G & G Closed Circuit Events LLC hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth at length.

19. Pursuant to contract, Plaintiff G & G Close Circuit Events LLC, paid for and was thereafter granted the exclusive nationwide television distribution (closed-circuit) rights to the Gervonta "Tank" Davis v. Ryan "King" Garcia Fight Program on April 22, 2023, (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

20. Pursuant to contract, Plaintiff G & G Closed Circuit Events LLC, entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Michigan, by which it granted these entities limited sublicensing rights specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.) on a pay-per-view basis.

21. As a commercial distributor and licensor of sporting events, including the Program, Plaintiff G & G Closed Circuit Events LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities, and each defendant failed to pay the fee to exhibit the program in their commercial establishment.

22. With full knowledge that the Program was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants and/or their agents while in the course of their employment or while otherwise acting under the authority of the Defendants, servants, workmen or employees did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the Program at the time

of its transmission at their commercial establishment at 17132 Conant Street, Detroit, Michigan 48212.

23. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

24. 47 U.S.C. § 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the Program for which Plaintiff G & G Closed Circuit Events LLC had the distribution rights thereto).

25. By reason of the aforesaid mentioned conduct, each Defendant violated 47 U.S.C. § 605, *et seq.*

26. By reason of the Defendants' violation of 47 U.S.C. § 605, *et seq.*, Plaintiff G & G Closed Circuit Events LLC, has the private right of action pursuant to 47 U.S.C. § 605(e)(3)(A).

27. Individual owners of corporate defendants can be held individually liable for the violations of 47 U.S.C. § 605, *et seq.*, and 47 U.S.C. § 553 *et. seq. J & J Sports Prods. V. Matti*, Case No. 13-13963 (E.D. Mich. Jan. 12, 2015).

28. As the result of the aforementioned Defendants' violation of 47 U.S.C. § 605, and pursuant to Section 605, Plaintiff G & G Closed Circuit Events LLC, is entitled to recover the following from each Defendant:

(a) Statutory damages for each violation in an amount to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

(b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and also

(c) the recovery of full costs, including reasonable attorneys' fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

### Count II – Violation of 47 U.S.C. § 553

29. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

30. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the Program by the above named Defendants was prohibited by 47 U.S.C. § 553, *et seq*.

31. By reason of the aforementioned conduct, each defendant violated 47 U.S.C. § 553, *et seq*.

32. By reason of the Defendants' violation of 47 U.S.C. § 553, *et seq*., Plaintiff G & G Closed Circuit Events LLC, has the private right of action pursuant to 47 U.S.C. § 553(c)(1).

33. Individual owners of corporate defendants can be held individually liable for the violations of 47 U.S.C. § 605, *et seq*., and 47 U.S.C. § 553 *et. seq*. *J & J Sports Prods. V. Matti*, Case No. 13-13963 (E.D. Mich. Jan. 12, 2015).

34. As the result of the aforementioned Defendants' violation of 47 U.S.C. § 553, Plaintiff G & G Closed Circuit Events LLC, is entitled to the following from each Defendant:

   (a) Statutory damages for each violation in amount to $10,000 pursuant to Title 47 U.S.C. Section 553(c)(3)(A)(ii); and also

   (b) Statutory damages for each willful violation in an amount to $50,000 pursuant to 47 U.S.C. § 553(c)(3)(B); and also

   (c) The recovery of full costs pursuant to 47 U.S.C. § 553(c)(2)(C); and also

   (d) In the Court's discretion, reasonable attorneys' fees, pursuant to 47 U.S.C. § 553(c)(2)(C).

**Count III – Common Law and Statutory Conversion**

35. Plaintiff G & G Closed Circuit Events LLC, hereby incorporates by reference all of the allegations contained in each preceding paragraph, inclusive, as though set forth herein at length.

36. By the aforesaid acts of interception, reception, publication, divulgence, display, and/or exhibition of the Program at their commercial

establishment at the above-mentioned address, each Defendant tortiously obtained possession of the Program and wrongfully exercised dominion over display of the program, converting same for their own use and pecuniary benefit without paying the applicable fee to do so.

37. The aforesaid acts of the Defendants were willful, malicious, egregious, and intentionally designed to harm Plaintiff G & G Closed Circuit Events LLC, by depriving Plaintiff of the commercial license fee to which Plaintiff was rightfully entitled to receive from them, and in doing so, the Defendants subjected the Plaintiff to economic distress and financial loss.

38. Statutory conversion consists of "stealing or embezzling property or converting property to the other person's own use" or knowingly "buying, receiving, or aiding in the concealment of any stolen, embezzled or converted property." MCL 600.2919a.

39. By displaying the Program, the Defendants exercised dominion over Plaintiff's property in a manner inconsistent with Plaintiff's property rights and for a purpose personal to the Defendants.

40. The Defendants wrongfully displayed the Program which amounts to common law and statutory conversion under MCL 600.2919a.

41.     Accordingly, Plaintiff G & G Closed Circuit Events LLC is entitled to recover damages sustained from the Defendants, cumulatively trebled, and exclusive of Plaintiff's other remedies at law, along with costs and attorney fees.

## **Requests for Relief**

### Count I

1.      For statutory damages in the amount of $110,000.00 against the Defendants, and each of them; and

2.      For reasonable attorneys' fees as mandated by statute, and;

3.      For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4.      For such other and further relief as this Honorable Court may deem just and proper.

### Count II

1.      For statutory damages in the amount of $60,000.00 against the Defendants, and each of them, and;

2.      For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3.      For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

## Count III

1. For damages suffered by the Plaintiff, cumulatively trebled;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper, or justified by the facts and circumstances of this case.

                                              RESPECTFULLY SUBMITTED

Date: November 21, 2023   /s/ *Shawn H. Head*
Shawn H. Head (P72599)
*Attorneys for Plaintiff*
The Head Law Firm
34705 W. Twelve Mile Rd, STE 160
Farmington Hills, MI 48331
248-939-5405
shawn@theheadlawfirm.com